IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FATIMA MARIA RAMIREZ RUANO           :
                                     :
   v.                                :   Civil Action No. DKC 23-2461
                                     :
SCRATCH KITCHEN & BISTRO, LLC,       :
et al.                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment wage dispute are the motion to set aside judgment or, in the alternative, to permit satisfaction of judgment through installment payments, (ECF No. 70), and the motion to stay enforcement of judgment filed by Bernadette Crystal Rousseau ("Ms. Rousseau"), (ECF No. 71). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied.

**I.   Background**

Because the facts underlying this suit are recounted in full elsewhere, (ECF Nos. 42, at 1–5; 68, at 1–5), only a brief recitation of the facts relevant to the pending motions is necessary here. From around August 2022 to August 2023, Fatima Maria Ramirez Ruano ("Plaintiff") worked as a cook for Scratch Kitchen & Bistro, LLC ("Scratch Kitchen"), a restaurant owned and operated by Ms. Rousseau and Vital Correia ("Mr. Correia"). (ECF

No. 47 ¶¶ 1, 11-12). Plaintiff alleged that she consistently worked overtime, but that Scratch Kitchen, Ms. Rousseau, and Mr. Correia (collectively, "Defendants") failed to pay her overtime wages, (*Id.* ¶¶ 18, 25, 75); she further alleged that when she asked Ms. Rousseau to pay her overtime wages, Ms. Rousseau responded by threatening to report Plaintiff to immigration authorities, (*Id.* ¶¶ 41-46). Plaintiff then retained counsel and sent a demand letter to Defendants for her unpaid wages. (*Id.* ¶¶ 47-48). When Defendants did not meet Plaintiff's demand, she filed suit in this court seeking recovery under the Fair Labor Standards Act ("FLSA") and various provisions of Maryland law. (ECF No. 1). Proceeding *pro se*, Defendants Ms. Rousseau and Mr. Correia each filed a motion to dismiss. (ECF Nos. 20; 38). The court granted Ms. Rousseau's motion in part and Mr. Correia's motion in full. (ECF No. 42, at 19, 21). Although Scratch Kitchen was initially represented, (ECF Nos. 22; 23), its counsel later withdrew before filing a dispositive motion, (ECF Nos. 36; 41). Because business entities can only appear in this court through a licensed attorney, Local Rule 101.1.a, the clerk ultimately entered default against Scratch Kitchen, (ECF No. 44).

Plaintiff then filed an amended complaint against Defendants that asserted new allegations against Ms. Rousseau and Mr. Correia,

but not against Scratch Kitchen. (ECF Nos. 47; 50 ¶ 2). Neither Ms. Rousseau nor Mr. Correia responded to the amended complaint. Accordingly, Plaintiff moved for default against Ms. Rousseau and Mr. Correia, (ECF No. 51), which the clerk subsequently entered, (ECF Nos. 53; 54). Plaintiff then moved for default judgment against all Defendants. (ECF No. 58). None of the Defendants responded to the motion for default judgment, but Ms. Rousseau did move to vacate the clerk's entry of default, (ECF No. 59). The court denied Ms. Rousseau's motion, (ECF No. 66), and then entered default judgment on August 1, 2025, against all Defendants jointly and severally in the total amount of $45,338.25, (ECF No. 69).

On August 5, 2025, Ms. Rousseau, on her own behalf and purportedly on behalf of Scratch Kitchen, moved to set aside the judgment or, in the alternative, to permit satisfaction of the judgment through installment payments.[1] (ECF No. 70). Two days

---

[1] Ms. Rousseau filed her motion to set aside the judgment, which invoked Rule 60(b), (ECF No. 70 ¶ 6), four days after the court entered default judgment against her. The United States Court of Appeals for the Fourth Circuit has instructed that "if a post-judgment motion is [timely] filed . . . and calls into question the correctness of [the] judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). A Rule 59(e) motion must be filed within twenty-eight days. Fed.R.Civ.P. 59(e). Ms. Rousseau filed her motion well within the Rule 59(e) deadline. Courts in this circuit have split on what it means to "question the correctness" of the judgment under the *CODESCO* rule. *Compare Glanville v. Mayor & City Council of Balt.*, No. 23-cv-3395-EA,

later, she filed a motion to stay enforcement of the judgment pending resolution of her earlier motion. (ECF No. 71). Plaintiff has not responded to either motion.

## II. Analysis

### A. The Movant

Ms. Rousseau purports to file both of her pending motions on behalf of herself and Scratch Kitchen. (ECF Nos. 70; 71). Because Scratch Kitchen is an entity rather than an individual, however, only a licensed attorney can file motions on its behalf. Local Rule 101.1.a. Ms. Rousseau is not an attorney, so her motions are

---

2025 WL 1359218, at *3 (D.Md. May 9, 2025) ("It therefore appears that a motion that seeks to vacate a judgment, as opposed to correct any substantive error in a merits decision, satisfies the [question the correctness] component of a Rule 59 motion."), *with Guzman v. Acuarius Night Club LLC*, No. 24-cv-330, 2024 WL 3593867, at *4 (D.S.C. July 30, 2024) (holding that the movant did not question the correctness of the judgment when it raised various defenses to the motion upon which judgment was entered but did not argue that the judgment itself was erroneous). Ms. Rousseau does not argue in her motion that the court's judgment was substantively erroneous. Even if Ms. Rousseau's motion does "question the correctness" of the judgment for the purpose of *CODESCO*, however, and thus should be considered under Rule 59(e), her motion would still fail. A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). There is no clear error or manifest injustice unless the movant shows that the court's decision was "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation modified). Ms. Rousseau does not attempt to establish any of these grounds for relief.

4

not properly brought on behalf of Scratch Kitchen. Accordingly, the pending motions apply only to Ms. Rousseau.

**B.   Motion to Set Aside Judgment**

A party against whom default judgment is entered may move to "set aside [the] final default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c).  Ms. Rousseau moves to set aside the judgment under Rule 60(b) "on the basis of excusable neglect and financial hardship."  (ECF No. 70 ¶ 6).  Rule 60(b) provides six grounds of relief from a final judgment, although the only two relevant to this case are "excusable neglect" under Rule 60(b)(1) and "any other reason that justifies relief" under Rule 60(b)(6). Fed.R.Civ.P. 60(b).  Because Ms. Rousseau filed her motion *pro se*, the court will construe it liberally, but not so liberally as to become her advocate.  *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (citing *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).  As will be discussed, Ms. Rousseau does not offer a meritorious defense in her motion to set aside the judgment and thus fails to satisfy a threshold requirement of relief under Rule 60(b).  Furthermore, she cannot satisfy the demanding standards of Rule 60(b)(1) and 60(b)(6).  Consequently, her motion to set aside the judgment is unavailing.

### 1.   Rule 60(b) Threshold Conditions

"To obtain relief from a judgment under Rule 60(b)," including from a default judgment, "a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 895–96 (4th Cir. 1987) (applying these threshold requirements to a Rule 60(b) motion regarding a default judgment). Generally, only when the movant has established that these three conditions are met will the court consider the grounds for relief set forth in Rule 60(b).

First, Ms. Rousseau's motion is timely. All Rule 60(b) motions "must be made within a reasonable time," and Rule 60(b)(1) motions must be made within one year of the entry of judgment. Fed.R.Civ.P. 60(c)(1). Ms. Rousseau moved to set aside the judgment under Rule 60(b) just four days after the court entered judgment. There is no question, then, that her motion was filed within one year of the judgment and in a reasonable time, satisfying this condition.

Second, Ms. Rousseau makes no attempt in her Rule 60(b) motion to offer a meritorious defense to Plaintiff's claims. Instead, her motion focuses on her financial difficulties, (ECF No. 70), which do not relate to the merits of Plaintiff's overtime wage claims under the FLSA and Maryland law. Therefore, Ms. Rousseau fails to satisfy this condition.

Finally, Plaintiff likely would not suffer unfair prejudice if the judgment were set aside. Although frequently articulated as a requirement, a showing of unfair prejudice to the opposing party "is of lesser importance" and "not controlling." *See Nat'l Credit Union*, 1 F.3d at 265; *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). Unfair prejudice does not include "the protraction of proceedings, the time and expense of a new trial, [or] the loss of post-judgment interest." *Werner v. Cabo*, 731 F.2d 204, 207 (4th Cir. 1984). Vacatur of the judgment here would surely prolong the proceedings and cause Plaintiff to incur additional time and expense, but without a response from Plaintiff to Ms. Rousseau's motion, no further prejudice to Plaintiff is discernible. Because the consequences to Plaintiff of vacatur are not of the kind that constitute unfair prejudice, this condition is met.

Due to Ms. Rousseau's failure to offer a meritorious defense in her motion, she is not entitled to relief under Rule 60(b). Even if Ms. Rousseau had satisfied the threshold conditions to entitle her to Rule 60(b) relief, however, she does not advance viable arguments for relief under Rule 60(b)(1) or Rule 60(b)(6).

### 2. 60(b)(1): Excusable Neglect

Rule 60(b)(1) permits relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Regarding excusable neglect, courts typically distinguish between neglect by the party's attorney and neglect by the party itself, granting relief far less liberally in the latter circumstance. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). "When the party is at fault, the [judicial system's interest in finality and efficiency] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect." *Id.* Interpreting "excusable neglect" in a separate statutory provision, the Supreme Court of the United States explained that the determination must "tak[e] account of all relevant circumstances," including "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether

the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citing *In re Pioneer Inv. Servs. Co.*, 943 F.2d 673, 677 (6th Cir. 1991)); *see also In re McCain*, 353 B.R. 452, 461 (Bankr.E.D.Va. 2006) (applying *Pioneer* to the context of Rule 60(b)(1)).

Ms. Rousseau cannot establish excusable neglect—her inadequate reason for her delay is dispositive. She has always proceeded *pro se*, so there is no neglect to attribute to an attorney. Under the stricter standard where the party is at fault, she has not adequately defended her conduct. She explains her failure to respond or defend as the consequence of her "economic distress and limited legal knowledge." (ECF No. 70 ¶ 2). But "mere financial hardship [is] insufficient justification for vacating a final judgment under Rule 60(b)." *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987). Likewise, limited legal knowledge, even when asserted by a *pro se* litigant, is insufficient to establish excusable neglect. *See, e.g.*, *Nash v. Bd. of Educ.*, No. 99-cv-9611, 2018 WL 2316337, at *4 (S.D.N.Y. May 8, 2018) ("[A] litigant's unfamiliarity with the legal system or ignorance of the law cannot form the basis for relief under Rule 60(b)(1) . . . [and] is no more excusable because he proceeded *pro se*[.]" (collecting cases)). In fact, Ms. Rousseau has demonstrated

9

legal knowledge throughout this litigation by filing a timely motion to dismiss that this court found partially meritorious, (ECF Nos. 20; 42, at 17-19), as well as a motion to vacate the clerk's entry of default against her, (ECF No. 59).  Economic distress and limited legal knowledge no more give rise to excusable neglect when considered jointly than when considered individually. A contrary conclusion would undermine the finality of any judgment involving an economically disadvantaged *pro se* litigant.  *See Augusta Fiberglass*, 843 F.2d at 811 (explaining that when the party, rather than his attorney, is at fault, "the judicial system's need for finality . . . dominate[s]").

Consequently, Ms. Rousseau's motion to set aside the judgment under Rule 60(b)(1) for excusable neglect fails.

### 3.   60(b)(6): Catchall

Ms. Rousseau does not explicitly invoke Rule 60(b)(6), which provides for relief from a final judgment for "any other reason that justifies relief," but her emphasis on financial hardship suggests that she intended to do so.  (ECF No. 70 ¶¶ 2-5).  Rule 60(b)(6) places a particularly heavy burden on the moving party, requiring a demonstration of "extraordinary circumstances" to justify relief.  *See Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*,

10

486 U.S. 847, 863 n.11, 864 (1988)).  Ms. Rousseau explains that she has no significant assets and relies on family for personal support and to provide for her children.  (ECF No. 70 ¶¶ 3-5). Financial hardship, however, is common rather than extraordinary and cannot meet the demanding standard of Rule 60(b)(6).  *See, e.g.*, *S.E.C. v. SBM Inv. Certificates, Inc.*, No. 06-cv-866-DKC, 2011 WL 5974566, at *2 (D.Md. Nov. 28, 2011) (holding that a party's financial inability to comply with a consent judgment is not an extraordinary circumstance); *Long v. Carberry*, 151 F.R.D. 240, 245 (S.D.N.Y. 1993) ("These personal problems—illness and financial hardship—although evocative of sympathy, do not rise to the level of extraordinary circumstances contemplated by Rule 60(b)(6)." (citation modified)).  Accordingly, Ms. Rousseau is not entitled to relief under Rule 60(b)(6).

    C.   **Motion to Permit Satisfaction Through Installment Payments**

If her motion to set aside the judgment is denied, Ms. Rousseau requests that the court allow her "to satisfy [the] judgment through monthly installment payments of $100 . . . until the judgment is paid in full."  (ECF No. 70 ¶ 7).  It is not within the court's power to approve such a payment schedule on the judgment debtor's motion in a case of this sort; rather, that is a matter for the parties to work out among themselves.  If

11

Plaintiff proceeds to enforce the judgment through attachment or garnishment proceedings, Ms. Rousseau may seek to exempt such property as is permissible under federal and Maryland law. *See, e.g.*, 42 U.S.C. § 407; Md. Code Ann., Cts. & Jud. Proc. § 11-504; Md. Code Ann., Com. Law § 15-601.1.

### D. Motion to Stay Enforcement of Judgment

Because Plaintiff has not attempted to enforce the judgment prior to this opinion, Ms. Rousseau's motion to stay enforcement of the judgment is now denied as moot.

## III. Conclusion

For the foregoing reasons, Ms. Rousseau's motion to set aside judgment or, in the alternative, to permit satisfaction of judgment through installment payments and her motion to stay enforcement of judgment will be denied. A separate order will follow.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge